[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
The plaintiff, Robert B. Cohen, has filed a motion for protective order pursuant to Practice Book Section 13-20(c) with regard to disclosures sought by the defendant, Dennis C. Cavanaugh, in order to protect the plaintiff from "annoyance, embarrassment, oppression and [undue] burden." The provision relied upon authorizes the "judicial authority to make any order which justice requires to protect a [judgment] debtor or third person from annoyance, embarrassment, oppression or undue burden or expense."
The plaintiff's motion alleges that "Cavanaugh has garnished certain bank accounts of the plaintiff, has garnished the law firm of which the plaintiff has a part and has brought a separate complaint to attach the real estate of the plaintiff, the real estate owned by a trust [of] which the plaintiff is a grantor and settlor, has filed a lis pendens against said property and has filed a [motion for] nonsuit to prevent the plaintiff from taking any action against [Cavanaugh] for exoneration and/or contribution for any judgments that may be rendered against the [plaintiff] on the basis that [Cavanaugh] was in a partnership which succeeded to the assets and liabilities of a prior partnership."
The motion also contains allegations that Cavanaugh is using the post judgment attachment or garnishment order to annoy the plaintiff for the purpose of "protecting himself from further action to make him participate to the extent of his partnership interest in a judgment which should have been rendered against the 3/16/90 partnership." The plaintiff claims that Cavanaugh's motion for nonsuit, which this court has previously denied, was simply "an attempt to protect him from liability and from the defense of any legitimate claims that [the plaintiff] may have as a result of the 3/16/90 partnership."
In his prayer for relief, the plaintiff "requests this Court [to] order that [Cavanaugh] comply with the General Statutes and the Practice Book with regard to any discovery of assets and that said discovery of assets and procedure follow Section 13-20 of the Practice Book as amended and be limited to disclosure of such assets as are necessary to satisfy his judgment and that actions taken by [Cavanaugh] to annoy and embarrass said plaintiff Robert B. Cohen, such as attaching joint bank accounts which contain principal [owned by the plaintiff's wife] be enjoined."
The injunctive relief sought by the plaintiff is denied because he has adequate remedies at law. The limitation of discovery to "such assets as are necessary to satisfy Cavanaugh's judgment would be superfluous because the order already contains such a limitation. With respect to the garnishment of the plaintiff's joint bank account with his wife, only the plaintiff's interest in that account is subject to garnishment because the CT Page 14932 judgment runs solely against the plaintiff. His wife was never a party to the action in which the judgment was rendered. Cavanaugh and Beharry, however, cannot be deprived of their right to garnish or attach any assets of the plaintiff held by the bank simply because his assets are mingled with those of his wife in a joint account. There is no merit to the plaintiff's motion for a protective order. Accordingly, it is denied.
Shea, J.